FIRST NATIONAL BANK OF BIDDEFORD *vs.* SIMEON P. MCKENNEY.

SAME *vs.* JOHN H. BURNHAM.

York.    Decided December 19, 1877.

*Promissory notes.*

It is proper to declare upon a joint and several note signed by the defendant as surety for an individual or a co-partnership, as the note of the defendant, in a several action against him, without setting out the joint contract also, and without taking notice of the suretyship, or co-partnership between the principals.

After the general issue pleaded and joined it was competent for the presiding justice in his discretion to allow the plaintiff leave to amend without terms by describing the note as a joint and several note, and averring that the defendant promised the plaintiff by the name of the First National Bank.

The cases find that the bank became a party to the statute assignments made by the principals for the benefit of their creditors, at the request of the defendants, and under a stipulation that the bank should not be held thereby to release any right as against the defendants, the defendants at the same time agreeing to pay the balance of the notes over and above the amount of dividends received under the assignments with eight per cent. interest.

*Held,* that by such an arrangement the notes are not discharged as against the sureties, nor the right of action suspended, but suits thereon may be maintained against them without waiting for the adjustment of the assignment accounts.

ON EXCEPTIONS.

ASSUMPSIT on several promissory notes, in each of two cases, presenting similar facts and the same legal points, submitted to the presiding justice and tried together without the intervention of a jury, with right of exceptions.

The second count of the first writ was in this form : "Also for that the said defendant, at said Biddeford, on the fourteenth day of October, A. D. 1875, by his promissory note of that date by him subscribed, for value received, promised the said bank to pay it the sum of fifteen hundred dollars in four months after said date, which time has long since elapsed."

At the time of trial and before offering any evidence the plaintiff moved for leave to amend his writ, by filing several amended counts, the second of which was of the form following : "Also, for that the said defendant and one John T. Smith and one N. B. Osgood & Co. of said Biddeford, on the fourteenth day of October, A. D. 1875, by their promissory note of that date by them subscribed, for value received, jointly and severally promised the said plaintiff bank, under the name of the First National Bank, to pay it the sum of fifteen hundred dollars in four months after said date, which time has long since elapsed."    The justice allowed the amendments against the defendant's objection.

Notes were offered and received under the amended counts against the defendant's objection.    The note under the second amended count was of the following tenor : "$1500.    Biddeford, October 14, 1875.    For value received, we, N. B. Osgood & Co., as principal, and S. P. McKenney and John T. Smith as sureties, jointly and severally promise to pay the First National Bank, fifteen hundred dollars in four months.    (Signed) N. B. Osgood & Co., John T. Smith, S. P. McKenney."

[Indorsements.]

"1876. June 9, Received from John T. Smith on the within note $350.    July 18, Received from John T. Smith $400, also interest on $750, to date."

The defendant introduced evidence proving that Thomas D. Locke and Napoleon B. Osgood, each individually, and said Locke

& Osgood as copartners, on the 20th day of November, 1875, each made an assignment in due form of law of all their property and estate, copies of which assignments are to be made. That said assignees duly proceeded under said assignments in conformity to the provisions and requirements of R. S., c. 70, and the subsequent amendments and provisions of law relating thereto, and in due course of proceeding made and returned as required by law inventories of the estates conveyed by said assignments. That by due course of proceeding said assignees in the case of Locke individually and Osgood individually, proceeded to a final settlement of their accounts, and that the same were duly allowed in probate court on the first Tuesday of May, A. D. 1877, and distribution then ordered.

That the plaintiffs within three months, and with the consent and at the request of defendant, as stated in paper marked "A," from the execution of the several assignments became parties thereto and presented the notes now presented in this suit for allowance, and the same were allowed by the said assignees.

That the plaintiffs received their distributive share of the estates of Thomas D. Locke and Napoleon B. Osgood, as settled upon their individual assignments, May 24, 1877, and indorsed the same upon said notes as now appears by said notes and indorsements.

That the estate of Locke & Osgood as copartners has not been finally settled or any order of distribution made.

The plaintiffs introduced in evidence the paper marked "A," dated Biddeford, December 8, 1875, and setting out that the First National Bank of Biddeford holds and is the owner of the following notes ; then follows a list of which the $1500 note described above is one. It sets out also the assignments of Locke & Osgood, as individuals, and as copartners, to James T. Smith, Abel H. Jellison and Timothy Shaw, jr., for the benefit of such creditors as may become parties to the assignment, and closes as follows: "And whereas said First National Bank, by our consent and at our request, will become parties to said assignment, now it is understood that by becoming parties to said assignment the said First National Bank release no right as against us on said paper, but

for value received, we each hereby agree with and promise said bank to pay said bank such balance of said notes upon which our names individually appear as may be due and owing on said paper, with interest at the rate of eight per cent. over and above what said bank may receive on said paper as a dividend on the property of said T. D. Locke and N. B. Osgood & Co. from said assignees. (Signed.)    John H. Burnham, S. P. McKenney, John T. Smith, Israel K. Smith, S. W. Luques, Jere G. Shaw, by Tim. Shaw, jr., Lewis F. Small."

Upon the foregoing facts the presiding justice ruled as matter of law, that the action was maintained and ordered judgment for the plaintiffs for the amount due on the notes in suit; and the defendant alleged exceptions.

*R. P. Tapley,* for the defendants, contended that the two counts set out different causes of action, each count being perfect in itself for such a contract as it describes; that the note was erroneously admitted because the elements of partnership and suretyship were not stated in the count; that the action of the plaintiffs in the matter of the assignment discharged the surety; and also that the action was prematurely brought.

*J. M. Goodwin & W. F. Lunt,* for the plaintiffs, submitted the following brief:

The amendment allowed is no cause of exception. Both the original and the amended declaration good, and the notes properly received in evidence under either. *Rees* v. *Abbot,* 2 Cowp. 832. Cited also in Oliver's Precedents, 200, in note. 2 Chitty Pl. 220 note, (c.) 16th Am. Ed. *Mountstephen* v. *Brooke,* 1 Barn. & Ald. 224. *Bulbeck* v. *Jones,* 5 Jur. N. S. 1317. *Beecham* v. *Smith,* El. B. & E. 442. (96 E. C. L. Rep.)

The rights of the bank to bring suit and maintain it against defendant on the notes declared upon, not lost or suspended by the facts appearing in the case. *Burrill* v. *Smith,* 7 Pick. 291. *Fiske* v. *Stevens,* 21 Maine, 457.

Even an agreement not to sue on a note until after a certain time, no bar to a suit commenced before that time.    U. S. D. Title, Bills & Notes, Sub-div. 10, § 3009.    Byles on Bills, 186.

*Thimbleby* v. *Barron,* 3 Mees. & W. 210.   *Ford* v. *Beech,* 11 Q.
B. 842.   (63 E. C. L. Rep.)

BARROWS, J.   Under the strictest ancient rules of pleading, the
plaintiffs' declaration upon these joint and several notes as the sev-
eral notes of the defendants must have been held good in these
several suits against them.   The contract between the parties to
the suit was set out according to its legal import and effect, and
it mattered not though the instruments produced in evidence
showed another and joint contract also.   That was not the con-
tract here sued, and there was no occasion to refer to it in these
declarations merely because it could be proved by the same instru-
ment which proved the contract declared on.

We find neither reason nor authority to sustain the defendants'
objection that the notes relied on ought to have been described in
all their legal effect, and that the failure to describe their joint
character and import makes them inadmissible to support a several
action against one of the promisors.

That this is a proper mode of declaring against a joint and sev-
eral promisor upon a note which is several as well as joint does
not appear to have been doubted.

The courts have gone further, and by a long series of decisions
have established the doctrine that where one of several joint
contractors is sued alone, the declaration setting out the contract
as his, no notice being taken of his co-contractors, is no vari-
ance, and his only method of availing himself of the omission is to
plead it in abatement.   *Cabell* v. *Vaughan,* 1 Saund. 291.
*Rice* v. *Shute,* 5 Burr. 2611.   *Abbot* v. *Smith,* 2 Black. 947.
*Wilson* v. *Reddall,* Gow. 161.   *Mountstephen* v. *Brooke,* 1
Barn. & Ald. 224.

The notes to *Cabell* v. *Vaughan, ubi supra,* and to *Rice* v.
*Shute,* in 1 Smith's leading cases, 796, (*647) furnish many
other citations from English and American authorities to this
effect.

That this has often been recognized in this state as the correct
doctrine may be seen by referring to *Winslow* v. *Merrill,* 11
Maine, 127.   *Robinson* v. *Robinson,* 10 Maine, 240.   *Hughes* v.

*Littlefield,* 18 Maine, 400. *White* v. *Perley,* 15 Maine, 470. *Reed* v. *Wilson,* 39 Maine, 585, 586. *Hapgood* v. *Watson,* 65 Maine, 510.

An early direct application of this doctrine to cases arising upon negotiable paper is found in *Evans* v. *Lewis,* Exchequer East. Term, 1794, (cited in *Mountstephen* v. *Brooke,* 1 Barn. & Ald. 226), an action against defendant as drawer of a bill which was set forth in the declaration as his bill. On non assumpsit pleaded it appeared that the bill was drawn by defendant and another jointly. The point was saved whether this was a variance, and the court were of opinion that it was not and that the only mode by which the defendant could have made the objection was by plea in abatement. And such plea in abatement can prevail only in cases where all the parties ought to be joined, and not where, as here, the plaintiff may join them all or sue them severally at his election.

The cases rather recognize than decide the propriety of declaring against one of the joint and several promisors upon a note as upon his note, without setting out the joint contract.

In *Beecham et als* v. *Smith,* El. B. & E. 442, (96 E. C. L. R.) 441, a several suit thus brought was sustained, though, owing to a technical difficulty, a joint suit could not have been maintained. See also *Anderson* v. *Hamilton,* 6 Blackf. 94.

So far as this matter was concerned, the amendment was certainly unnecessary and immaterial, the notes being receivable in evidence under the original as well as the amended counts.

But we have no doubt of the power of the presiding judge to allow the amendment. It introduced no new cause of action and only gave a further description of the instrument to be relied on in evidence, though not of the several contract of the defendant which was declared on.

Nor is there any substance in the objection that the notes were not admissible under the original or amended counts because nothing was said of the partnership relation of N. B. Osgood & Co. or the suretyship of the defendants. That was a matter which concerned the principals and sureties as between themselves alone and had nothing whatever to do with the contracts declared on which these defendants made, as several promisors on the notes, with the plaintiff bank as promisee.

If plaintiffs had done any act which would have the effect to discharge a surety it was competent and necessary for defendants to plead it if they would avoid the contract declared on, which was an unconditional several promise of each as an original independent promisor to pay the note.

The notes were not made payable to the plaintiffs by their full corporate name.

The First National Bank of Biddeford is the plaintiff in the record, and there are many First National Banks in the state and country. The notes declared on are not more uncertain on their face than are all notes which are payable to that numerous and ubiquitous individual known to the law as J. S.

But we need not stop to consider whether the defective description of the plaintiffs in the notes was good ground of objection to their reception as evidence under the original counts, for it is clear that the amendment alleging that the defendants promised the plaintiffs by the name of the First National Bank was allowable. *Cooper* v. *Bailey*, 52 Maine, 230. *Cummings* v. *Buckfield, B. R. R.* 35 Maine, 478. *Colton* v. *Stanwood*, 67 Maine, 25.

But the defendants further object that the plaintiffs' right to recover on their notes is barred because the plaintiff bank became party to statute assignments made by the principals for whom these defendants were sureties, and they claim that the discharge of the principals discharges them also.

It appears that the plaintiffs became a party to these assignments and presented and proved the notes here declared on against the property of the principals in the hands of their assignees at the request of these defendants and other sureties upon paper held by the bank, as appears by a written instrument signed by the defendants and other sureties for the same principals, which sets forth the fact that the bank holds certain negotiable paper among which are the notes here sued, and that the principals have made an assignment individually and as a firm for the benefit of such creditors as may become parties to the same, and an arrangement that the bank will at the request of the sureties become parties thereto, and an agreement that "it is understood that by becoming parties to said assignment the said First National Bank release no

right as against us on said paper, but for value received we each hereby agree with and promise said bank to pay said bank such balance of said notes upon which our names individually appear as may be due and owing on said paper, with interest at the rate of eight per cent. over and above what said bank may receive on said paper as a dividend," &c.

In the face of such a memorandum subscribed by themselves the defendants cannot successfully contend that the plaintiff bank released any right of action against the sureties by discharging the principals, at the request of the sureties themselves, whose agent it became, for their mutual benefit, to procure in part payment of the notes, such dividends as might be realized from the assignment, with the distinct stipulation on the part of the sureties that such action on the part of the bank should not affect the rights of action which the bank had against the sureties severally. This is the only reasonable construction of the memorandum of December 8, 1875. See, as to the effect of such an arrangement between the holder of negotiable paper and other parties, *Fiske* v. *Stevens*, 21 Maine, 457; and Bayley on Bills, 2d Am. Ed. pp. 361, 362, and Phillips and Sewall's notes thereon.

Nor can the right of action on the $1500 note against McKenney be regarded as postponed until the final settlement of the assignment of Locke & Osgood as copartners.

If anything should be realized by the plaintiffs therefrom they would simply become trustees of the surety for the amount, subject to an adjustment of the interest account according to the memorandum of December 8, 1875.

Even had there been an agreement not to sue until the final settlement of the company assignment, it would be no bar to this suit. *Ford* v. *Beech*, in the Exchequer Chamber on error from Q. B. 63, (E. C. L. R.) 852. The remedy of the aggrieved party in such case would be by suit for the breach of contract. *Ford* v. *Beech*, above cited. And see also *Young* v. *Jones*, 64 Maine, 563, 570. In both cases　　　　　　　*Exceptions overruled.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and LIBBEY, JJ., concurred.